UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| XIAO YU CHEN, *et al.*, <br><br>                              Plaintiffs, <br>          v. <br>CLOVER PARK SCHOOL DISTRICT NO 400, *et al.*, <br><br>                              Defendants. | CASE NO. 3:22-cv-05114-BHS-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: July 8, 2022 |

This matter has been referred to Chief Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 6. This matter is before the Court on the Court's order for plaintiff Celebrity Access Transport to show cause why it should not be dismissed from this action due to it being an unrepresented business entity. *See* Dkt. 23.

Plaintiffs Xiao Chen, Steve Valentinetti, and Celebrity Access Transport initiated this action on February 22, 2022. *See* Dkt. 1. Plaintiffs are proceeding *pro se*. *See id*. Plaintiffs provided the Court with conflicting information regarding the business status of Celebrity Access Transport. In her response to defendants' notice of related actions, plaintiff Chen indicated that Celebrity Access Transport is a sole proprietorship. *See* Dkt. 12, at 2. In a later filing, however, plaintiff Chen stated that she owns two different companies named "Celebrity Access

Transport," one of which is a sole proprietorship and one of which is a general partnership. Dkt. 13, at 3. Plaintiff Chen did not clarify which of those two companies joined this case.

Because of this conflicting information, on May 3, 2022, the Court ordered plaintiff Chen to file a declaration clarifying the business status of Celebrity Access Transport. *See* Dkt. 22, at 2. Plaintiff Chen did not respond to this order. As a result, on May 19, 2022, the Court ordered Celebrity Access Transport to show cause why it should not be dismissed from this action without prejudice as an unrepresented business entity. *See* Dkt. 23, at 2. The Court gave Celebrity Access Transport until May 27, 2022 to respond to the Court's order or have counsel appear on its behalf. *See id.* Celebrity Access Transport has neither responded to the Court's Order nor had counsel appear on its behalf. Instead, the parties filed a Joint Status Report that lists both Ms. Chen and Mr. Valentinetti as owners of Celebrity Access Transport. Dkt. 25, at 2.

Business entities must be represented by counsel and cannot be represented by *pro se* parties. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also* 28 U.S.C. § 1654; Local Civil Rule ("LCR") 83.2(b)(4). If a business entity lacks counsel, it must be dismissed from the action. *See Omni Innovations, LLC v. Ascentive*, LLC, C06-1284-JCC, 2008 WL 11506654, at *1 (W.D. Wash. Apr. 30, 2008) (dismissing action that left an unrepresented business entity as the sole plaintiff).

Accordingly, the Court recommends that plaintiff Celebrity Access Transport be dismissed from this action without prejudice pursuant to Local Civil Rule 83.2(b)(4).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

imposed by Rule 72(b), the clerk is directed to set the matter for consideration July 8, 2022, as noted in the caption.

Dated this 22nd day of June, 2022.

J. Richard Creatura
Chief United States Magistrate Judge