UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| XIAO YU CHEN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CLOVER PARK SCHOOL DISTRICT NO 400, *et al*, <br><br> Defendants. | CASE NO. 3:22-cv-05114-BHS-JRC <br><br> ORDER DECLINING TO RECUSE |

This matter is before the Court on plaintiffs' motion for the undersigned to recuse himself from this case. *See* Dkt. 54. The undersigned declines to recuse himself voluntarily and refers the matter to the Chief Judge for consideration.

**DISCUSSION**

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge also shall disqualify himself where the judge meets one of five grounds specified in § 455(b). "Whenever a party to any proceeding in a district court makes and files a timely and

sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

Local Civil Rule 3(f) additionally provides that—

> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Here, although not entirely clear, plaintiffs appear to seek the recusal of the undersigned because they claim that the undersigned is "not in charge of the answers of the decisions being made . . . ." Dkt. 54 at 1. Apparently, plaintiffs believe that "defendants have . . . manipulate[d] this court by inserting their own judge, defendant's attorneys writing Judges Responses, pressuring clerks to dismiss plaintiff's filings and assigning 2 different judges to the cause for plausible deniability after redicules [sic] responses." Dkt. 54 at 1. The undersigned finds these claims baseless and declines to recuse himself voluntarily from the matter. The undersigned does not have a personal bias or prejudice concerning any of the parties and does not have a financial

interest in any party to the proceeding or the subject matter of the proceeding or any other interest that could be substantially affected by the outcome thereof. *See* 28 U.S.C. § 455(b).

**CONCLUSION**

The undersigned declines to recuse himself from the matter. The motion (Dkt. 54) is referred to Chief Judge David G. Estudillo for review. The Clerk is directed to place the motion for the recusal of the undersigned on Judge Estudillo's calendar.

Dated this 28th day of October, 2022.

J. Richard Creatura
Chief United States Magistrate Judge