UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| XIAO YU CHEN et al.,<br><br>                      Plaintiffs,<br>    v.<br><br>STEVE VALENTINETTI et al.,<br><br>                      Defendants. | CASE NO. 3:22-cv-05114-BHS-JRC<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECUSAL |

## I     INTRODUCTION

This matter comes before the Court following referral by Chief United States Magistrate Judge J. Richard Creatura (Dkt. No. 58) of Plaintiffs Xiao Yu Chen and Steve Valentinetti's motion for recusal (Dkt. No. 54). For the reasons stated herein, the Court AFFIRMS Judge Creatura's decision.

## II     BACKGROUND

Plaintiffs co-own a charter bus company and allege that Defendants refused to hire their transportation services on account of Plaintiff Xiao Yu Chen's age, ethnicity, and sex. (Dkt. No.

ORDER DENYING PLAINTIFFS' MOTION FOR RECUSAL - 1

1 at 4–5.) On October 27, 2022, Plaintiffs moved for Judge Creatura to voluntarily recuse himself, arguing that "[D]efendants have already attempted to manipulate this court by inserting their own judgment, [D]efendant's attorney writing Judge Responses, pressuring clerks to dismiss [P]laintiff's filings and assigning [two] different judges to the case for plausible deniability after ridicul[ous] responses." (Dkt. No. 54 at 1.)

Judge Creatura denied Plaintiffs' motion, finding "these claims baseless" and confirming he "does not have personal bias or prejudice concerning any of the parties and does not have a financial interest in any party to the proceeding or the subject matter of the proceeding or any other interest that could be substantially affected by the outcome thereof." (Dkt. No. 58 2–3.)

### III   DISCUSSION

Local Civil Rule 3(f) requires a challenged judge to review motions filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455 and to determine whether to recuse voluntarily. LCR 3(f). If the challenged judge declines to recuse voluntarily, they must direct the court clerk to refer the motion to the chief judge for their review. *Id.*

28 U.S.C. § 455(a) provides that a judge of the United States shall disqualify himself or herself in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). 28 U.S.C. § 144 similarly requires recusal when a party to a proceeding in district court files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted).

ORDER DENYING PLAINTIFFS' MOTION FOR RECUSAL - 2

Plaintiffs have not presented any facts to suggest Judge Creatura's impartiality might reasonably be questioned. Instead, Plaintiffs provide only bare assertions. Therefore, the Court ORDERS that Judge Creatura's refusal to recuse himself from this matter is AFFIRMED.

## IV    CONCLUSION

Accordingly, the Court hereby ORDERS that Judge Creatura's refusal to recuse himself from this matter (Dkt. No. 58) is AFFIRMED.

Dated this 29th day of November, 2022.

David G. Estudillo
United States District Judge