1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10    XIAO YU CHEN, *et al.*,

11                            Plaintiffs,

12            v.

13    CLOVER PARK SCHOOL DISTRICT
      NO 400, *et al.*,

14                            Defendants.

15

CASE NO. 3:22-cv-05114-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: December 30, 2022

16        This matter is before the Court on referral from the district court and on defendants'

17    motion for summary judgment. *See* Dkt. 35.

18        This action was commenced by *pro se* plaintiffs seeking to hold a school district and its

19    employees liable for allegedly discriminating against plaintiffs and their bus company because

20    one of the plaintiffs is a young Asian female. Defendants appeared in this matter and now move

21    for summary judgment dismissal of plaintiffs' action because, among other things, plaintiffs

22    failed to timely serve defendants and because plaintiffs' complaint fails to state a claim.

23

24

REPORT AND RECOMMENDATION - 1

After reviewing the motion and the relevant record, the Court concludes that plaintiffs' action should be dismissed. First, the Court warned plaintiffs that they needed to serve defendants according to the Federal Rules of Civil Procedure or the Court would recommend dismissal of their action. After an extended period of time, plaintiffs have still failed to obey the Court's order and have not submitted evidence of proper service. Second, plaintiffs' complaint is deficient because it does not contain enough facts to properly state a claim. In fact, the Honorable Benjamin H. Settle previously screened a similar complaint and found it deficient and dismissed it.

Although the deficiencies are ordinarily curable, plaintiffs have demonstrated that they are unwilling to obey Court orders or cure deficiencies in this action. Accordingly, the Court recommends that plaintiffs' action be dismissed without prejudice and without leave to amend.

**BACKGROUND**

Plaintiffs, Xiao Yu Chen, Steve Valentinetti, and Celebrity Access Transport, proceeding *pro se*, initiated this action on February 22, 2022. *See* Dkt. 1.[1] Plaintiffs seek to hold Clover Park School District No. 400 and three of its employees liable for discriminating against plaintiff Chen. *See id.* Specifically, plaintiffs appear to allege that defendants refused to enter into a contract for bus services with plaintiffs because defendant Chen is a young Asian woman. *See id.* at 4–5.

Defendants appeared in this matter and filed an answer on April 20, 2022. *See* Dkt. 19. Defendants raised several defenses in their answer, including failure to serve and failure to state a claim. *See id.* at 3, 5. On September 29, 2022, defendants moved for summary judgment. *See*

---

[1] Celebrity Access Transport was dismissed from this action on July 14, 2022 because it could not proceed *pro se* as a business entity. *See* Dkts. 27, 30.

1    Dkt. 35. Plaintiffs filed a response on October 7, 2022, and defendants filed a reply on October

2    24, 2022. *See* Dkts. 44–48. Plaintiffs then filed additional "responses" and "objections" to

3    summary judgment without seeking leave of Court, *see* Dkts. 52, 53, 56, which the Court does

4    not consider.

## DISCUSSION

6        Defendants move for summary judgment dismissal of plaintiff's action for several

7    reasons, including failure to properly serve and failure to state a claim. *See* Dkt. 35 at 9. Because

8    those two issues are dispositive, the Court declines to reach the remaining issues.

### I.    Failure to Serve

10        Defendants move the Court to dismiss plaintiffs' action because plaintiffs have failed to

11    timely serve defendants. *See* Dkt. 35 at 20. Federal Rule of Civil Procedure 4(m) required

12    plaintiffs to serve defendants within 90 days after the complaint was filed. Courts undertake a

13    "two-step analysis" to determine the proper course of action for a failure to timely serve. *In re*

14    *Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). First, the Court "must extend the time period" for

15    service upon a showing of good cause. *Id.* When determining whether the good cause

16    requirement has been satisfied, the court must consider whether: "(a) the party to be served

17    personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and

18    (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*,

19    923 F.2d 754, 756 (9th Cir. 1991) (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir.

20    1987)). Second, if good cause is not established, "the court has the discretion to dismiss without

21    prejudice or to extend the time period." *Sheehan*, 253 F.3d at 512.

22        Here, plaintiffs have not shown good cause for their lack of service. First, even though

23    plaintiffs initiated this action on February 22, 2022, they have yet to file an affidavit of service.

24

*See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the Court . . . by the server's affidavit."). Second, plaintiffs appear to believe that they can personally serve defendants themselves. These two deficiencies would ordinarily be curable, but the problem for plaintiffs is that, over eight months ago, the Court informed plaintiffs about the service requirements and warned them that a failure to properly effect service in this matter would result in a recommendation that this matter be dismissed. *See* Dkt. 17 at 2–3 (warning plaintiffs that— as parties to this action—they could not personally serve defendants). It appears plaintiffs did not heed the Court's warning.

In response to defendants' motion, plaintiffs state that defendants were properly served three times. *See* Dkt. 44 at 1 (disputing that defendants "were not properly served [three times]"); Dkt. 45 at 2 (claiming that plaintiffs served the summons and complaint to Clover Park School District three separate times). However, plaintiffs have not filed an affidavit of service and it still appears that they attempted service themselves. Indeed, defendants assert in their reply that plaintiffs "have never provided proof of service by someone not a party to their Complaint." Dkt. 48 at 6. Plaintiffs were put on notice regarding their lack of service and they have demonstrated that they will not effectuate service going forward. Further, giving plaintiffs additional time to effect service would be futile because their complaint is deficient for reasons explained below. Accordingly, the Court recommends that plaintiff's action be dismissed without prejudice for failing to serve. *See* Fed. R. Civ. P. 41(b) (the Court may dismiss an action if plaintiff fails to comply with a court order or to comply with the Federal Rules of Civil Procedure); *see also Hejazi v. Esper*, No. 21-35711, 2022 WL 2869778, at *1 (9th Cir. July 21, 2022) (holding that the district court did not abuse its discretion by dismissing a *pro se* action because the

1    plaintiff "failed to effect proper service of the summons and complaint after being given notice

2    and opportunities and directives to do so and failed to show good cause for his failure to serve").

3    **II.    Failure to State a Claim**

4    Defendants argue that plaintiffs' complaint fails to state a claim and that it "must be

5    dismissed under Rule 12(b)(6)." Dkt. 35 at 20. Defendants are raising this argument five months

6    after they filed an answer to plaintiffs' complaint, *see* Dkts. 19, 35, and Federal Rule of Civil

7    Procedure 12(b) states that any motions based on its enumerated defenses must be made before

8    filing the responsive pleading. However, the Ninth Circuit has held that in these situations the

9    Court may convert defendants' motion into a motion for judgment on the pleadings. *See Aldabe*

10   *v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *Elvig v. Calvin Presbyterian Church*, 375 F.3d

11   951, 954–55 (9th Cir. 2004) ("Here, the Defendants filed their motion to dismiss *after* filing their

12   answer. Thus, the motion should have been treated as a motion for judgment on the pleadings,

13   pursuant to Rule 12(c) or 12(h)(2).") (emphasis in original). The Court finds it appropriate to do

14   so here because defendants asserted the defense of failure to state a claim in their answer to

15   plaintiffs' complaint. *See* Dkt. 19; *Reilly v. Wozniak*, No. CV-18-03775-PHX-MTL, 2020 WL

16   1033156, at *3 (D. Ariz. Mar. 3, 2020) ("An important consideration in converting the motion is

17   whether the pleadings raised the affirmative defense at issue.").

18   "Analysis under Rule 12(c) is substantially identical to analysis under a Rule 12(b)(6)"

19   motion to dismiss. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotes

20   omitted). Under Rule 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail

21   to set forth a set of facts that, if true, would entitle the complainant to relief. *See Ashcroft v.*

22   *Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although

23   factual allegations need not be detailed, plaintiffs must go beyond mere "labels and conclusions"

24

1    and cannot rely on a "formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550

2    U.S. at 555. Plaintiffs cannot simply make "an unadorned, the-defendant-unlawfully-harmed-me

3    accusation." *Ashcroft*, 556 U.S. at 678. The complaint must set forth the elements of the legal

4    claim—that is, the law underlying the claims—and factual allegations that are sufficient that,

5    taken as true, they establish how defendants acted unlawfully. *See id.* at 678–79.

6         A *pro se* complaint must be "liberally construed" and held "to less stringent standards

7    than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639

8    F.3d 916, 923 & n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But

9    this rule "applies only to a plaintiff's factual allegations," *Neitzke v. Williams*, 490 U.S. 319, 330

10   n.9 (1989), and the Court's "liberal interpretation of a civil rights complaint may not supply

11   essential elements of the claim that were not initially pled." *Ivey v. Board of Regents*, 673 F.2d

12   266, 268 (9th Cir. 1982). Under this standard, plaintiffs' complaint fails to state a claim upon

13   which relief may be granted and should be dismissed.

14        Plaintiff's entire action is based on the following allegations:

15        Clover Park School District refuses to allow transportation contracting from
          Washington State UTC, OMWBE, SBA, minority owned Bus Company because
16        of racism although the District admits the company is fully qualified, the owner
          is;
17             1) Asian,
               2) Female[,]
18             3) Considered by management, too young to own and operate a company
                  with this responsibility level.
19        Rather than fixing the obvious discrimination problem and moving forward, the
          district cho[o]ses to fight through the district[']s outsourced attorneys threatening
20        plaintiffs ***"stand down or we will put you out of business forever like we did
          Noah"!***
21   Dkt. 1 at 4–5 (emphasis in original).

22        Plaintiffs' complaint goes no further than "an unadorned, the-defendant-unlawfully-

23   harmed-me accusation," which is insufficient to state a claim. *Ashcroft*, 556 U.S. at 678. In fact,

24

REPORT AND RECOMMENDATION - 6

in a prior action with an identical complaint, the Honorable Benjamin H. Settle screened

plaintiffs' complaint and concluded that it did "not identify a set of facts—the 'who what when

where and why'—of a story that plausibly allege[d] that defendants actionably violated some

right." Dkt. 6, Cause No. 3:22-cv-05007-BHS. That same rationale applies to this complaint

because the two complaints are virtually identical. *Compare* Dkt. 1, *with* Dkt. 1 in Cause No.

3:22-cv-05007-BHS.

This Court goes further and notes that plaintiffs do not list the statute or regulation they

bring their action under and instead list several unrelated causes of action as the basis for

jurisdiction. *See* Dkt. 1 at 3 ("Discrimination, differential treatment, slander & liable [sic],

retaliation, interference with commerce by threats or violence, theft of intellectual property and

trade secrets"). However, the lack of diversity of citizenship between the parties and the type of

defendants involved suggest that plaintiffs may be attempting to bring a claim pursuant 42

U.S.C. § 1983. To state a claim under § 1983, plaintiffs must allege facts showing (1) the

conduct about which they complain was committed by a person acting under the color of state

law; and (2) the conduct deprived them of a federal constitutional or statutory right. *See Wood v.

Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, plaintiffs must allege that they

suffered a specific injury as a result of the conduct of a particular defendant, and they must allege

an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423

U.S. 362, 371–72, 377 (1976).

Plaintiffs' § 1983 claim against the school district fails because, while municipalities and

local government units, such as a school district, are considered persons for § 1983 purposes,

they are only liable for policies, regulations, and customs adopted and promulgated by that

body's officers. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690

1    (1978). To recover, plaintiffs must show that the district's employees or agents acted through an

2    official custom or policy that permits violation of plaintiff's civil rights, or that the entity ratified

3    the unlawful conduct. *See id.* at 690–91. Plaintiffs fail to make those allegations here. Plaintiffs'

4    claims against the individual defendants also fail because plaintiffs fail to allege any facts that

5    these defendants personally participated in any conduct that violated plaintiffs' constitutional

6    rights.

7         Accordingly, the Court recommends that plaintiffs' complaint be dismissed for failing to

8    state a claim. Defendants argue that the Court should dismiss the action with prejudice, *see* Dkt.

9    35 at 21, but the Court will not depart from the general rule that such dismissal is without

10    prejudice, *see, e.g.*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003).

11    However, the Court recommends that the dismissal be without leave to amend. The Court would

12    ordinarily recommend that the district court give plaintiffs an opportunity to amend, but giving

13    plaintiffs that opportunity would be futile in this matter. *See Leadsinger, Inc. v. BMG Music*

14    *Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))

15    (A district court may, in its discretion, "deny leave to amend due to 'undue delay, bad faith or

16    dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

17    previously allowed, undue prejudice to the opposing party by virtue of allowance of the

18    amendment, [and] futility of amendment.'"). Plaintiffs have demonstrated a pattern of disregard

19    for the Court and its orders, and the Court is not confident that plaintiffs will cure the

20    deficiencies identified herein. For example, as stated above, plaintiffs failed to cure their service

21    deficiency despite the Court's warning and instructions. Plaintiffs then disregarded two orders

22    from the Court addressing deficiencies regarding the status of the business entity, Celebrity

23    Access Transport, which resulted in that entity being dismissed as a plaintiff in this action. *See*

24

Dkts. 22, 23, 27, 30. Yet, despite its dismissal, plaintiffs continue to submit filings that include that entity as a party. *See* Dkt. 64 at 2.

Plaintiffs have also submitted several filings with inappropriate remarks directed at the Court. *See* Dkt. 44 at 3 (accusing the Court of being part of the "White Supremacist Old Boy Club"); Dkt. 45 at 2 (accusing the Court of being dishonest and corrupt); Dkt. 59 at 1 (same); Dkt. 54 (accusing the Court of taking bribes from defendants); Dkt. 64 (accusing the Court of "play[ing] stupid" and threatening the Court with a "judicial corruption claim"). Besides being grounds for sanctions, plaintiffs' remarks demonstrate that they are unwilling to obey Court orders and properly prosecute their case. Thus, a dismissal without leave to amend is appropriate here.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that defendants' motion for summary judgment (Dkt. 35) be granted. Plaintiffs' action should be dismissed without prejudice and all pending motions should be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

///

///

1     Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

2   matter for consideration on **December 30, 2022** as noted in the caption.

3     Dated this 16th day of December, 2022.

J. Richard Creatura
Chief United States Magistrate Judge