UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| XIAO YU CHEN, et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>CLOVER PARK SCHOOL DISTRICT NO 400, et al.,<br><br>               Defendants. | CASE NO. C22-5114 BHS<br><br>ORDER |

THIS MATTER is before the Court on Magistrate Judge J. Richard Creatura's Report and Recommendation ("R&R"), Dkt. 73, recommending that the Court grant Defendants' Motion for Summary Judgment, Dkt. 35. The R&R specifically recommends that the Court dismiss this action without prejudice for failure to timely and properly serve process under Federal Rule of Civil Procedure 4(m) and failure to state a claim under Rule 12(b)(6). The R&R also recommends the Court deny all remaining motions as moot.

Pro se plaintiffs Xiao Yu Chen and Steve Valentinetti apparently own a company called Celebrity Access Transport, or "CAT." They sought to obtain from Defendant

Clover Park School District a contract to provide bus transport for students. Chen, Valentinetti, and CAT[1] sued[2] Clover Park and three of its employees in February 2022, alleging they were denied the contract because Chen is a young Asian woman. Plaintiffs assert 42 U.S.C. § 1983 discrimination claims. Dkt. 1.

Defendants seek summary judgment. Dkt. 35. The R&R recommends granting the motion, concluding that Plaintiffs have failed to properly or timely serve their summons and complaint, Dkt. 73 at 3, failed to show good cause for that failure, *id*. at 4, and failed to state a plausible claim, *id*. at 7–8. It notes that Plaintiffs have failed to comply with prior court orders and made frivolous accusations about the Court and its employees. It recommends dismissing Plaintiffs' complaint without prejudice. *Id*. at 8.

Defendants object to the recommended dismissal without prejudice. Dkt. 78. They argue the dismissal should be with prejudice, reiterating their substantive arguments that Valentinetti (a Clover Park employee) is disqualified from contracting with the school district by a conflict of interest, and that CAT does not have the safety rating required by the state to transport students. Defendants argue they are entitled to judgment as a matter of law. They also argue that Judge Creatura already made "findings"[3] in the case

---

[1] The Court previously dismissed pro se Plaintiff CAT because an artificial entity cannot proceed pro se in federal court. Dkts. 27, 30.

[2] Chen, Valentinetti, and CAT filed a similar case in January 2022. *See Chen, et al. v. Clover Park Sch. Dist., et al.*, No. 22-cv-5007 BHS. That matter was dismissed without prejudice because the plaintiffs failed to heed the Court's Order to pay the filing fee or file an amended complaint stating a plausible claim in support of their motion for leave to proceed *in forma pauperis*. *See id.*, Dkt. 10.

[3] A court does not make factual findings on summary judgment. *Rand v. Rowland*, 154 F.3d 952, 957 n.4 (9th Cir. 1998). The court makes findings of fact when it weighs the evidence, determines credibility, or resolves disputed factual issues; all of which are inappropriate on

supporting a dismissal with prejudice, including the filing of two identical claims already, the repeated failure to comply with court orders (which themselves simply required plaintiffs to follow the court rules), and the plaintiffs' baseless accusations against the Court and defense counsel. Dkt. 78 at 3.

Plaintiffs also filed a 35-page objection[4] to the R&R. Dkt. 79. They assert that Valentinetti does not have a conflict of interest and that CAT is "fully qualified and licensed." *Id*. at 2. They confirm Defendants' prediction that, if the Court adopts the R&R and dismisses the claim without prejudice, Plaintiffs will:

> simply refile as this case and causes of action are ongoing there was never a case schedule, no court date ever set, no pretrial hearings, no oral argument for motions, no discovery and no signature by the 2 judges assigned by the compromised court clerks. If the court wants us to do something different it must ask or communicate.
> Plaintiffs believe the clerks never really filed this case either and in collaboration with defendants attorneys are bluffing a case. 2 judges, no court date, no case schedule, no discovery, no pre-trial hearing, no oral argument etc.

*Id*. at 3; *see also* Dkt. 59 at 3 n.2 ("If this court dismisses this case at this time we will bring it back proving corruption."). Plaintiffs previously filed a frivolous motion to recuse, supported by only conclusory and baseless accusations of bribery, dishonesty, and racial animus, Dkt. 54, and have repeated those insults and accusations in their current objections, Dkt. 79 at 5–13. Plaintiffs concede that the federal rules "don't need court interpretation as they are very clear," *id*. at 15, but there is no evidence they properly

---

summary judgment. *See id.*; *see also Heiniger v. City of Phoenix*, 625 F.2d 842, 843 (9th Cir. 1980).

[4] Because they have already filed their objections, Plaintiffs' Motion for an Extension of Time to object to the R&R, Dkt. 74, is DENIED as moot.

served any defendant under the clear provisions of Rule 4. A party cannot serve a summons, and service of original process on the defendants' attorney is not sufficient. The time for service has long since passed, *see* Rule 4(m), and plaintiffs have not even attempted to show that good cause exists for their failure to properly and timely serve their complaint. Instead, they argue that, despite the Rules, service does not matter. *See* Dkt. 52 at 3 ("Nobody care if Mahoney was personally served as her office, CPSD was.")

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Objections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge. *See, e.g.*, *Fix v. Hartford Life & Accident Ins. Co.*, CV 16-41-M-DLC-JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases).

The R&R also concluded that, like their complaint in the prior case, Plaintiffs' complaint failed to state a claim as a matter of law, and that the case should be dismissed without prejudice but without leave to amend, because amendment would be futile in this circumstance. Dkt. 73 at 8. The Court agrees. Plaintiffs have not plausibly stated a claim for discrimination under the Constitution or state law; they have nakedly alleged that Clover Park did not award them a contract because Chen is young and Asian. They have

not alleged any facts supporting that conclusion, and in response to Defendants' motion, provided no evidence in support of it. Plaintiffs refused to amend their complaint in the prior case, and filed this one instead, because, they claim, they "watch[ed] the secret meeting by the court clerks reading the notes in this case." Dkt. 12 at 2 (footnote omitted). This is a baseless accusation.

Plaintiffs refused to serve their complaint in this case despite being told that they must, and despite being told how to accomplish that task. They continue to attempt to assert claims on behalf of CAT, though it cannot represent itself (and the pro se plaintiffs cannot represent it) in this court. *See* Dkts. 27 and 30; *see also Chen*, No. 22-cv-5007 BHS, Dkt. 6. These are clear rules that apply to every litigant in every case, and enforcing them is not evidence of discrimination or bias.

The R&R, Dkt. 73, is **ADOPTED**, and Defendants' motion, Dkt. 35, is **GRANTED**, except that all of Plaintiffs' claims are **DISMISSED without prejudice** for failure to timely serve their complaint consistent with the Civil Rules, and for failure to state a plausible claim. All other pending motions are **DENIED as moot**. The Clerk shall enter a judgment close the case.

IT IS SO ORDERED.

Dated this 6th day of January, 2023.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge